IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PLAZA PROPERTIES, LLC, and ) | Bankruptcy Case No. 06-30078 |
| PROPERTY CONSULTANTS, LLC, ) | |
| ) | |
| Debtors. ) | |
| PLAZA PROPERTIES, LLC, and ) | |
| PROPERTY CONSULTANTS, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Adversary Case No. 06-3190 |
| ) | |
| JENKINS DISPLAYS CO., SPCP ) | |
| GROUP, LLC, and COMMERCIAL ) | |
| MORTGAGE SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

OPINION

This matter having come before the Court on a Motion for Abstention and a Renewed Motion for Summary Judgment filed by Defendant, Jenkins Displays Co.; the Court, having heard arguments of counsel, reviewed written memoranda of the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are, in pertinent part, as follows:

1.  The Debtors filed for relief under Chapter 11 of the Bankruptcy Code on January 23, 2006, and have since had their Chapter 11 Plan of Reorganization confirmed.

2.  The instant adversary proceeding was commenced by the Debtors, as Plaintiffs, on July 24, 2006, by the filing of a Complaint to Determine Validity, Priority, and Extent of Lien; and, Objection to Claim No. 4, in which the Debtors seek a determination by

this Court that Defendant, Jenkins Displays Co., does not have a valid mechanics lien claim, and that its claim should be disallowed, abated, or otherwise reclassified.

    3.    Prior to the Debtors' filing for Chapter 11 relief, Defendant, Jenkins Displays Co., had commenced an action in the Circuit Court of St. Clair County, Illinois, in which it sought to enforce its mechanics lien and obtain a money judgment against the Debtors.

    4.    Following the Debtors' filing for Chapter 11 relief, Defendant, Jenkins Displays Co., obtained relief from the automatic stay in order to permit it to prosecute the Lien Priority Litigation in State Court, which has been done. Stay relief was granted to Defendant, Jenkins Displays Co., prior to the commencement of the instant adversary proceeding, indicating that there was no need for the Bankruptcy Court to use its resources to try the issues raised in the State Court Lien Priority Litigation.

    5.    On March 2, 2006, the Debtors filed a Notice of Removal of the State Court Lien Priority Litigation to this Court under adversary proceeding No. 06-3067. In response to the Notice of Removal, Defendant, Jenkins Displays Co., moved to remand. On May 3, 2006, this Court entered its Order remanding the Lien Priority Litigation to the Circuit Court of St. Clair County, Illinois. In its Motion to Remand, Defendant, Jenkins Displays Co., specifically stated that the Court should abstain from hearing the matters at issue on the Lien Priority Litigation.

    6.    On February 16, 2007, and again on March 8, 2007, after a jury trial on the merits, the Circuit Court of St. Clair County, Illinois, entered final appealable judgments in favor of Jenkins Displays Co. in an amount of excess of $l,600,000. The State Court judgment concluded that Jenkins Displays Co. holds a valid superior lien to the underlying real property, and, thus, that Jenkins Displays Co. held a priority interest in proceeds from the sale of the subject property presently subject to an escrow account established pursuant to an Order of this Court. The Debtors and the other Defendants in the State Court litigation are currently prosecuting appeals from those judgment orders.

7. On March 20, 2008, in response to a Motion to Construe Order Approving Post-Petition Financing and to Determine Priority of Lien Provided for in an Order Approving Post-Petition Financing, Chief Judge Meyers entered an Order, which stated as follows:

> If the claim and lien of Jenkins Displays Co. is adjudicated in the Circuit Court, St. Clair County, Illinois as having priority over all liens against the Debtors' real property, including, without limitation, the liens asserted by SPCP Group, LLC, then, in that event, Jenkins' lien against the Debtors' real property will be unimpaired and will have priority over the lien granted Commercial Mortgage Services, LLC under the DIP Order to the extent of all funds paid to SPCP Group, LLC, by way of funds advanced by Commercial Mortgage Services, LLC, to or for the benefit of the Debtors.

Chief Judge Meyers further declined to either vacate or modify the Debtor-in-Possession Order as requested. Following the entry of Chief Judge Meyers' March 20, 2008, Order, the matter was again brought before the Court for status on the Plaintiffs' Complaint in this adversary and on Defendant, Jenkins Displays Co., Renewed Motion for Summary Judgment and Motion for Abstention.

Conclusions of Law

The issue of abstention is governed by 28 U.S.C. §1334(c)(1), which states in part:

> Nothing in this section prevents a district court in the interests of justice, or in the interests of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

In conjunction with 28 U.S.C. §1334(c)(1), the Court has examined the cases cited by Jenkins Displays Co. of <u>In re Kesar Enterprises, Inc.</u>, 330 B.R. 756 (Bankr. W.D. Mo. 2005), and <u>In re Premier Hotel Development Group</u>, 270 B.R. 243 (Bankr. E.D. Tenn. 2001), and finds that the lien priority disputes in this case are best left to be determined in the State Court proceedings already in progress. This Court concurs with the arguments presented in the Motion for Abstention of Defendant, Jenkins Displays Co., and finds that, pursuant to 28 U.S.C. §1334(c)(1), it should abstain from hearing the issues raised by this adversary

proceeding and allow the matter to proceed through the appellate process in the Illinois State Courts.

ENTERED: June  25 , 2008.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge